UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON KAY LOPEZ,<br><br>                  Plaintiff,<br><br>                  v.<br><br>JOAN FRANCS BURGESS, et al.,<br><br>                  Defendants. | Case No. 5:21-cv-00920-JAK-SHK<br><br>**ORDER DISMISSING CASE** |

## I.    BACKGROUND

On October 25, 2021, the United States Magistrate Judge assigned to this case issued a Report and Recommendation ("R&R"), which the United States District Judge assigned to this case adopted on December 1, 2021 ("Order"). Electronic Case Filing Number ("ECF No.") 40, R&R; ECF No. 42, Order. In the Order, two Motions to Dismiss ("MTDs") were granted, certain Defendants were dismissed with prejudice, and the claims of Plaintiff Shannon Kay Lopez ("Plaintiff") against other Defendants were dismissed without prejudice, and with leave to file a First Amended Complaint ("FAC") by December 22, 2021. ECF No. 42, Order. Plaintiff was "**cautioned that if Plaintiff does not timely file a FAC, this action will be dismissed with or without prejudice for failure to state a claim, failure to**

**prosecute, and/or failure to obey Court rules under Federal Rule of Civil Procedure 41(b).**" Id. at 3 (emphasis in original).

Plaintiff failed timely to file a FAC or otherwise participate in this litigation. Consequently, on January 19, 2022, Plaintiff was ordered to show cause ("OSC") by February 4, 2022, why this case should not be dismissed for failure to prosecute and follow Court orders. ECF No. 43, OSC at 1. Plaintiff was instructed that Plaintiff could satisfy the OSC by either: "(a) advising the Court that Plaintiff no longer wishes to pursue this action; (b) showing good cause in writing why Plaintiff has not timely filed a FAC; or (c) filing a FAC." Id. Plaintiff was "warned that failure to **timely** perform one of these options **will** result in the dismissal of this case for failure to prosecute and follow Court orders." Id. (emphasis in original).

As of the date of this Order, Plaintiff has failed to respond to these prior orders or otherwise participate in this litigation.

## II.   LEGAL STANDARD

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291

F.3d 639, 642 (9th Cir. 2002) (setting out five factors similar to those in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

### III.   DISCUSSION

Here, the first two factors -- public interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Despite being warned twice that the case would be dismissed if Plaintiff failed to follow Court orders and prosecute it, Plaintiff has failed to do so. This failure to prosecute and follow Court orders impedes the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to Defendant -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Nothing suggests such a presumption has been rebutted in this case, considering that Plaintiff has failed to comply with the Court's Order and OSC and Plaintiff has not offered any explanation for her failure to do so. Thus, this "prejudice" element favors dismissal.

The fourth factor -- public policy in favor of deciding cases on the merits -- ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace, and not to engage in dilatory tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on her

responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, although this policy weighs against dismissal, it does not outweigh Plaintiff's repeated failure to obey Court orders or timely to file responsive documents.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. The case cannot move forward and toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite attempts to obtain a response from Plaintiff, through her failure to respond, she has shown she is either unwilling or unable to comply with Court orders. Therefore, no lesser sanction would be worthwhile in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019). It is also significant that the dismissal is to be without prejudice.

For the foregoing reasons, dismissal of this action, without prejudice, is appropriate here.

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice.

Dated: February 15, 2022

JOHN A. KRONSTADT
United States District Judge

4